UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH J. HALL,

      Petitioner,

v.                                        Case No. 5:03-cv-404-Oc-10GRJ

WARDEN, FCC COLEMAN - USP,

      Respondent.

## ORDER OF DISMISSAL

This cause is before the Court on the Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex within this district and is challenging a 1993 conviction and 360-month sentence imposed in the United States District Court for the Middle District of Florida, Ft. Myers Division, for conspiracy to commit a controlled-substance offense and for possession of a controlled substance with intent to distribute.

In his Petition, the Petitioner attacks the validity of his sentence rather than the means of execution and acknowledges that he has unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court, as well as other collateral relief. Thus, it is clear that the filing of another motion under § 2255 in the sentencing court would be barred as a successive petition. Under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section

2255 provides that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief."

The Petitioner seeks to avoid the preclusive effect of § 2255 by invoking the § 2255 "savings clause" which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar, does not mean that the § 2255 remedy is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

In Wofford, the court held that:

> [T]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Wofford 177 F.3d at 1244.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then also demonstrate "actual innocence" as defined in Bousley v. United States, 523 U.S. 614 (1998). Id. n.3. In Bousley the Court explained that "[i]t is important to note in this regard that 'actual

innocence' means factual innocence, not mere legal insufficiency." 523 U.S. 614 at 623.

Citing Edwards v. United States, 523 U.S. 511 (1998), Petitioner contends that his sentence was erroneously based on the higher penalties applicable to an offense involving crack cocaine, although the jury returned only a general verdict that Petitioner engaged in a conspiracy involving either crack cocaine or powder cocaine. Petitioner also contends that his counsel rendered ineffective assistance.  Petitioner has identified no authority holding that Edwards is retroactively applicable to a case pending on collateral review, and moreover Petitioner was not convicted of a crime that was made nonexistent by Edwards.  See Wofford, 177 F.3d at 1244.  Therefore, under the Wofford test, Petitioner is not entitled to the benefit of the savings clause. Even if the savings clause were available to Petitioner, he has made no showing that he is actually innocent of the offense of conviction.  See id. n.3.

Accordingly, the Petition is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

_[signature]_

c: Joseph J. Hall
   Counsel of Record

UNITED STATES DISTRICT JUDGE